UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

WENDELL SMITH,

        Plaintiff,

   -v-                              Case # 17-CV-6344-FPG
                                            **ORDER**

STATE OF NEW YORK, et al.,

        Defendants.

─────────────────────────────────

*Pro se* Plaintiff Wendell Smith is a prisoner confined at the Attica Correctional Facility. He filed this action seeking relief under 42 U.S.C. § 1983 alleging, *inter alia*, false arrest and malicious prosecution arising out of different arrests in and around the City of Rochester, New York. ECF No. 1. He now moves, by way of letter, for an order extending his time to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 30. His motion is DENIED.

A petition for a writ of habeas corpus challenging a state conviction under 28 U.S.C. § 2254 must be filed within one year of certain triggering events. 28 U.S.C. § 2244(d)(1); *see also id.* § 2244(d)(2) (noting that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation"). Importantly, however, a federal court lacks jurisdiction to "consider a motion to extend the time to file a petition for a writ of habeas corpus . . . when no such petition has actually been filed." *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (discussing in context of contemplated § 2255 petition); *see also Jackson v. Warden at Ironwood State Prison*, No. CV 15-6779, 2015 WL 5445998, at *2 (C.D. Cal. Sept. 16, 2015) (§ 2254 petition). Therefore, this Court lacks jurisdiction to consider Plaintiff's motion in advance

of the filing of the petition; such issues may only be addressed once the petition is filed. Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: November 30, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court