UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

WENDELL SMITH,

                          Plaintiff,                      Case # 17-CV-6344-FPG

     v.                                           DECISION AND ORDER

STATE OF NEW YORK, et al.,

                          Defendants.

———————————————————————

## INTRODUCTION

*Pro se* Plaintiff Wendell Smith brings this action pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's Motion to Appoint Counsel and Motion to Compel. ECF Nos. 21, 25. For the reasons that follow, those motions are DENIED.

## DISCUSSION

**I.    Motion to Appoint Counsel**

Plaintiff asserts that the Court should appoint him counsel because he did not complete high school, has comprehension issues, and has been unable to find a lawyer on his own. ECF No. 21 at 1.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel,

the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. This case is not complex—upon screening Plaintiff's pleadings pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (*see* ECF Nos. 7, 12), the Court narrowed the case down to a false arrest and malicious prosecution claim against one Defendant. Defendant moved to dismiss for one reason—that the statute of limitations bars Plaintiff's case against him. ECF No. 17-1. Plaintiff filed an opposition to Defendant's motion that is coherent, indicates that he understands the relevant issues, and demonstrates that he can adequately present his own claims. ECF No. 20. Moreover, there are no special reasons that would favor the appointment of counsel at this time. Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 21) is DENIED.

**II.    Motion to Compel**

Plaintiff also filed a Motion to Compel wherein he asks the Court to force Defendant to reply to Plaintiff's response to Defendant's Motion to Dismiss. ECF No. 25. After Defendant filed his Motion to Dismiss, the Court entered a Scheduling Order giving Plaintiff until May 4, 2018 to respond to the motion and indicating that "Defendant Mumm *may* file reply papers within 15 days after Plaintiff files a response." ECF No. 18 (emphasis added). The language in the Court's Scheduling Order was permissive, not mandatory, and therefore Defendant was not required to file a reply. Accordingly, Plaintiff's Motion to Compel (ECF No. 25) is DENIED.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Appoint Counsel (ECF No. 21) and Motion to Compel (ECF No. 25) are DENIED.

IT IS SO ORDERED.

Dated: January 18, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court