UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

WENDELL SMITH,

                            Plaintiff,

v.

STATE OF NEW YORK, et al.,

                            Defendants.

───────────────────────────────────

Case # 17-CV-6344-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Wendell Smith, a prisoner at Attica Correctional Facility, filed this action under 42 U.S.C. § 1983. ECF No. 1. Plaintiff sued several Defendants, including John Doe Police Officers #1 and #2. One of the John Doe Defendants was later identified as Deputy Sheriff Michael Mumm, who now moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) ECF No. 17. For the reasons that follow, Mumm's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff filed his Complaint on May 15, 2017,[1] but the Court administratively terminated his case on June 28, 2017 because he did not submit a complete *in forma pauperis* motion, *see* 28 U.S.C. § 1915(a)-(b). ECF No. 3. This case was reopened on July 13, 2017 when Plaintiff

---

[1] The Complaint was not filed with the Court until June 2, 2017, but, pursuant to the "prison mail box" rule, the Complaint was deemed filed when it was placed a prison official's hands for mailing. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Here, the Complaint is dated May 15, 2017, and Plaintiff signed a statement indicating that he "served" the Complaint by placing it in a prison official's hands with proper postage that day. ECF No. 1 at 21, 23.

submitted a complete *in forma pauperis* motion. ECF No. 5. The Court granted Plaintiff *in forma pauperis* status and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

On December 18, 2017, after screening the Complaint, the Court dismissed some of Plaintiff's claims with an opportunity for Plaintiff to file an amended complaint. ECF No. 7. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court also directed the City of Rochester to identify John Doe Police Officer #1 and the Monroe County Attorney's Office to identify John Doe Police Officer #2. ECF No. 7 at 10-11. In its screening order, the Court indicated that the Complaint would be deemed amended to reflect the names of the John Doe Defendants once identified. *Id.* at 11. On January 29, 2018, Plaintiff filed an Amended Complaint and on February 12, 2018, John Doe Police Officer #2 was identified as Deputy Sheriff Michael Mumm. ECF Nos. 8, 10. On March 1, 2018, the Court screened Plaintiff's Amended Complaint and directed the Clerk of Court to amend the caption to name Mumm as a defendant and cause service of the Summons and Amended Complaint on Mumm. ECF No. 12.

On April 2, 2018, Mumm moved to dismiss under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted because Plaintiff's claims are untimely. ECF No. 17.

**LEGAL STANDARD**

Although Mumm moves to dismiss under Rules 12(b)(1) and (6), the basis of his motion is the same: that the statute of limitations bars Plaintiff's claims against him. Generally, when a court is presented with a motion to dismiss under both Rules, it must analyze the Rule 12(b)(1) motion first and determine if it has subject matter jurisdiction over the claims raised. *See Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 414-15 (S.D.N.Y. 2012). But when the basis of the motion to

dismiss for lack of subject matter jurisdiction is that the plaintiff's claims are untimely, the motion is "more appropriately reviewed under the standard governing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Dixon v. Office of Comptroller*, No. 1:16-CV-1184 (GTS/DEP), 2017 WL 4357461, at *8 (S.D.N.Y. Sept. 29, 2017) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)) (other citation omitted). Thus, the Court reviews Mumm's motion under the Rule 12(b)(6) standard.

In reviewing a Rule 12(b)(6) motion, a court must accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 672, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the factual allegations must permit the court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Plaintiff alleges that he was walking toward a bus stop on September 23, 2014 when Mumm ordered him to stop, arrested him, and charged him with petit larceny. ECF No. 8 at 29. The charge was dismissed on July 1, 2015. *Id.* at 30. The Court construed these allegations to assert false arrest and malicious prosecution claims against Mumm. ECF No. 7 at 7-8. Mumm argues that these claims are untimely under the statute of limitations.

State law governs the statute of limitations for § 1983 actions; in New York, the applicable statute of limitations is three years. *See* N.Y. C.P.L.R. § 24(2); *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewel v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). Federal law determines

when the claim accrues, which occurs "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001). A federal court must borrow a state's tolling rules unless they are inconsistent with federal law. *Bd. of Regents of Univ. of State of N.Y. v. Tomaino*, 446 U.S. 478, 487-91 (1980).

Mumm asserts that the statute of limitations began to run when he arrested Plaintiff on September 23, 2014, and expired three years later on September 23, 2017. Plaintiff timely filed his Complaint on May 15, 2017, but Mumm was not named as a defendant until March 1, 2018. Mumm argues that this amendment does not relate back to when Plaintiff filed the original Complaint. ECF No. 17-2 at 7.

False arrest and malicious prosecution claims have different accrual dates and therefore the Court must analyze the claims separately. A false arrest claim accrues when the plaintiff was held pursuant to legal process—that is, when he is "bound over by a magistrate or arraigned on charges." *See Wallace v. Kato*, 549 U.S. 384, 388-390 (2007). A malicious prosecution claim does not accrue until the charges are terminated in the plaintiff's favor. *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) (citation omitted).

Plaintiff's malicious prosecution claim, which accrued on July 1, 2015 when the charges against him were dismissed, is timely. Mumm was added as a defendant on March 1, 2018, which is within three years of July 1, 2015. But Plaintiff's false arrest claim accrued on or about September 23, 2014, the date of his arrest, which the Court assumes was the date (or near the date) Plaintiff was arraigned. Thus, Plaintiff's false arrest claim, which was not asserted against Mumm until March 1, 2018, is untimely because it was asserted against Mumm after September 23, 2017.

A plaintiff generally cannot use John Doe pleadings "to circumvent statutes of limitations because, replacing a John Doe with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (internal citations omitted). Thus, John Doe substitutions may only be accomplished when the specifications of Federal Rule of Civil Procedure 15(c) are met, which governs the relation back of amendments. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Aslandis*, 7 F.3d at 1075); *see* Fed. R. Civ. P. 15(c). Amended pleadings that satisfy Rule 15(c)'s requirements are considered to "relate back" to the date of the original complaint. *Hogan*, 738 F.3d at 517.

Accordingly, the Court must analyze whether adding Mumm in place of John Doe Police Officer #2 on March 1, 2018 relates back to when Plaintiff filed this case on May 15, 2017.

## I. Rule 15(c)(1)(C)

Under Rule 15(c)(1)(C), an amended complaint adding a new party relates back to the original complaint if (1) the claim arose out of conduct set out in the original pleading; (2) the added party received notice such that it will not be prejudiced in maintaining its defense; (3) the added party knew or should have known that, but for a mistake of identity, the original action would have been brought against him; and (4) the second and third criteria are fulfilled within the period provided by Rule 4(m) for effectuating service, and the plaintiff filed the original complaint within the limitations period. *Hogan*, 738 F.3d at 517 (citation omitted).

"This Circuit has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Id.* (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995). "[A]lthough Rule

5

15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties, the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Hogan*, 738 F.3d at 518 (alterations and citation omitted). "The Second Circuit's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Id.* (citation omitted); *see also Ceara v. Deacon*, No. 17-569-pr, 2019 WL 758287, at *2-3 (2d Cir. 2019). "[W]here the plaintiff knows who the proper party is, just not by name, there is no mistake about identity that will permit relation-back under Rule 15(c)." *Moran v. Cty. of Suffolk*, No. 11 Civ. 3704(PKC)(GRB), 2015 WL 1321685, at *6 (E.D.N.Y. Mar. 24, 2015) (citation omitted).

Here, Plaintiff was not mistaken about Mumm's identity—he intended to sue the police officer who arrested him on September 23, 2014. Rather, he simply did not know Mumm's name when he filed this case. Thus, Plaintiff's failure to name Mumm as a defendant in the Complaint was not a mistake under Rule 15(c)(1)(C)(ii), *see Moran*, 2015 WL 1321685, at *6 (collecting cases), and adding Mumm to this case on March 1, 2018 does not relate back to when Plaintiff filed the original Complaint.

## II.     Rule 15(c)(1)(A)

Rule 15(c)(1)(A) permits relation back when "the law that provides the applicable statute of limitations allows relation back." A court must examine the "controlling body of limitations law" and apply state law if it provides "a more forgiving principle of relation back than the one provided" by Rule 15(c). *Hogan*, 738 F.3d at 518 (citation omitted). The Second Circuit has held that New York law provides a "more forgiving principle of relation back in the John Doe context."

6

*Id.* Thus, the Court must examine whether the false arrest claim against Mumm would be timely under the relevant provisions of New York's Civil Practice Law and Rules.

N.Y. C.P.L.R. § 1024 "creates a special procedure for claims alleged against John Doe defendants." *Hogan*, 738 F.3d at 518. It provides that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

"New York courts have interpreted [§ 1024] to permit John Doe substitutions *nunc pro tunc*." *Id.* at 518-19 (collecting cases).

Under § 1024, a plaintiff must show that he (1) exercised due diligence before the statute of limitations expired to identify the defendant by name; and (2) described the John Doe party in a way that fairly apprised the party that he is the intended defendant. *Id.* (collecting cases). Mumm argues that even assuming Plaintiff satisfies the second requirement, he fails to satisfy the due diligence standard. ECF No. 17-2 at 9-10. The Court agrees.

The due diligence requirement of § 1024 is not forgiving, and it is the plaintiff's burden to identify the defendant's name, or at least make a good faith effort to do so. *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (summary order) (citation omitted). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office." *Id.* (citations omitted); *see also Mabry v. N.Y.C. Dep't of Corr.*, No. 05 Civ. 8133(JSR)(JCF), 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008) (allowing relation back where the plaintiff "aggressively sought the

7

identities of the defendants"). "[T]o employ the procedural requirements made available by [§] 1024, the plaintiff must show that he made 'genuine effort[s] to ascertain the defendants' identities prior to the running of the Statute of Limitations." *Luckern v. Lysondale Energy Ltd. P'ship*, 229 A.D.2d 249, 253 (4th Dep't 1997) (internal quotation marks and citations omitted).

Mumm argues that Plaintiff did nothing on his own to identify him as John Doe Police Officer #2. ECF No. 17-2 at 10. Additionally, Plaintiff's response in opposition to Defendant's motion does not identify any steps that he took to ascertain Mumm's identity before the statute of limitations expired. ECF No. 20. He did not make any discovery or other demands for information, and Mumm was only identified through the efforts of the Court and the Monroe County Attorney's Office. Plaintiff has not shown that he exercised due diligence in identifying Mumm before the statute of limitations expired and, accordingly, he is not entitled to relation back under § 1024.

Similarly, N.Y. C.P.L.R § 203(c)'s general relation back provision does not provide Plaintiff the relief he seeks. Under § 203(c), a plaintiff may seek relation back for a previously unknown defendant when

> (1) the new claim arose out of the same conduct, transaction or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well.

*Bender v. City of New York*, No. 14 Civ. 4386(LTS)(GWG), 2015 WL 524283, at *5-6 (S.D.N.Y. Feb. 10, 2015) (citation omitted). "When a party seeks to add a new defendant under [§] 203, New York courts have required that 'but for a *mistake* by plaintiff as to the identity of the proper parties,

8

the action would have been brought against that party as well.'" *Colson v. Haber*, No. 13-CV-5394 (JG)(CLP), 2016 WL 236220, at *5 (E.D.N.Y. Jan. 20, 2016 (emphasis added) (quoting *Ramos v. Cilluffo*, 276 A.D.2d 475, 476 (2d Dep't 2000) (citations and quotation marks omitted)). The "mistake" requirement has been held to "closely follow" Rule 15(c)(1)(C)'s requirement. *Id.* (citing *Vasconcellos v. City of New York*, No. 12 Civ. 8445(CM), 2014 WL 4961441, at *8 (S.D.N.Y. Oct. 2, 2014)).

Consequently, not knowing Mumm's identity is not a "mistake" under § 203(c), and the date Mumm became a party to this action does not relate back to when Plaintiff filed this case. Accordingly, the false arrest claim against Mumm is time-barred and must be dismissed.

## **CONCLUSION**

Mumm's Motion to Dismiss (ECF No. 17) is GRANTED IN PART and DENIED IN PART. The false arrest claim against Mumm is dismissed with prejudice and the malicious prosecution claim survives. By separate order, the Court will refer this case to a magistrate judge for all pretrial proceedings.

IT IS SO ORDERED.

Dated: March 14, 2019
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                                United States District Court